**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6106**

STACY W. HOWARD,

              Plaintiff – Appellant,

        v.

DIRECTOR JON E. OZMINT, of S.C. Department of Corrections
also known as John E. Ozmint; WARDEN WILLIE EAGLETON; AARON
JOYNER, Major; CAPTAIN KENNETH GREEN; S. SKIPPER, IGC of
the Evans Correctional Institution; T. WOOLBRIGHT; S.
MOSES; C. FOX; T. SIMMONS; MICHAEL J. STOBBE, Inmate
Records; JIMMY EDGE, officer; DAVID BRAYBOY, officer,

              Defendants - Appellees.

**No. 11-6459**

STACY W. HOWARD,

              Plaintiff – Appellant,

        v.

JON OZMINT, of S.C. Department of Corrections also known as
John E. Ozmint; WARDEN WILLIE EAGLETON; AARON JOYNER,
Major; CAPTAIN KENNETH GREEN; S. SKIPPER, IGC of the Evans
Correctional Institution; T. WOOLBRIGHT; S. MOSES; C. FOX;
T. SIMMONS; MICHAEL J. STOBBE, Inmate Records; JIMMY EDGE,
officer; DAVID BRAYBOY, officer,

              Defendants - Appellees.

Appeals from the United States District Court for the District of South Carolina, at Greenville.  G. Ross Anderson, Jr., Senior District Judge.  (6:08-cv-03171-GRA)

Submitted:  July 7, 2011                Decided:  September 19, 2011

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

No. 10-6106, dismissed, No. 11-6459, affirmed by unpublished per curiam opinion.

Stacy W. Howard, Appellant Pro Se. Leigh Powers Boan, William Walter Doar, Jr., MCNAIR LAW FIRM, PA, Pawleys Island, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In No. 10-6106, Stacy W. Howard appeals from the district court's orders granting summary judgment to Defendants in his 42 U.S.C. § 1983 (2006) suit and denying various preliminary motions. We previously remanded the case to the district court for a factual finding on the timeliness of Howard's notice of appeal, which was due on or before January 8, 2010, and was filed in the district court on January 14. On remand, the district court found that Howard's notice of appeal was given to prison authorities, at the earliest, on January 12 and was, thus, untimely. In No. 11-6459, Howard appeals from the district court's ruling on remand.

An appellate court cannot disregard a district court's factual findings absent clear error. A finding is "clearly erroneous" when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). While Howard alleges that the prison mailroom does not follow protocol and holds mail before stamping or sending it, he presents no evidence aside from his own allegations. After a review of the evidence before the district court, we find that the district court's factual ruling on the date of filing was not clearly erroneous. As such, the district court correctly concluded that Howard's appeal was untimely. Accordingly, we

affirm the district court's order in No. 11-6459 finding that Howard's notice of appeal was untimely filed.

Faced with this ruling, Howard contends that, when he filed his (untimely) notice of appeal, he also amended his January 29, 2009, notice of appeal from the denial of his motion for a preliminary injunction.[1] He contends that this amended notice of appeal was sufficient to permit consideration of the final order in the case, as well as various interlocutory orders entered both before and after his January 29, 2009, notice of appeal. He argues that there is no time limit on amending notices of appeal, so even though his notice (and amended notice) were untimely filed as to the final order in his case, the amended notice of appeal was sufficient to confer jurisdiction.

Howard's January 29, 2009, notice of appeal timely appealed the district court's order denying his motion for a preliminary injunction. That order was an appealable, interlocutory order; the appeal was considered on the merits; and the appeal was decided on September 30, 2010. Howard's attempt to transform that notice of appeal into an appeal from later-filed orders is ineffectual. A premature notice of

---

[1] Howard did file an "Amended Notice of Appeal" with his January 14, 2010 notice of appeal, listing numerous preliminary orders he sought to appeal.

4

appeal, even if rendered valid by the entry of an final order, can only secure review of specific orders decided and appealed from at the time the premature notice was filed. Any subsequent orders must be appealed from in accordance the with Rules of Appellate Procedure. See Nolan v. U.S. Dep't of Justice, 973 F.2d 843, 846 (10th Cir. 1992). Moreover, regarding the earlier orders, a notice of appeal must specify the orders being appealed. Fed. R. App. P. 3(c)(1)(B).

Howard's July 29, 2009, notice of appeal specified that it was appealing orders entered on June 3 and July 13, 2009; his amended notice of appeal (filed on Jan. 14, 2010) adds many other orders entered before and after these dates. The earlier orders should have been specified in Howard's July 29, 2009 notice of appeal,[2] and the later orders needed to be separately appealed. Accordingly, we conclude that Howard's amended notice of appeal was of no effect and was merely an untimely attempt to appeal.

---

[2] However, even if Howard had included these earlier orders in his first notice of appeal, most of the orders identified would have been interlocutory. For instance, in his amended notice of appeal, Howard attempts to appeal a January 21, 2009, order of the district court denying his discovery motion. This order was unappealable until entry of a final order, and any premature notice of appeal would have been ineffectual. See In re Bryson, 406 F.3d 284, 288 n.2 (4th Cir. 2005).

The appeal period in a civil case is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); see also Bowles v. Russell, 551 U.S. 205, 212 (2007) (making clear that timely filing of a notice of appeal in a civil case is a jurisdictional requirement). As such, we dismiss No. 10-6106 as untimely filed and affirm the district court's findings in No. 11-6459. We deny Howard's motions to file a formal brief and for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 10-6106: DISMISSED;
No. 11-6459: AFFIRMED

6